■ JOHN CRUET, Respondent, v MURRAY WALLASKY, Appellant.—In an action by a wood finisher to recover a balance due for work, labor and services, in which defendant asserted a counterclaim for the value of certain property removed from his home by plaintiff and not returned, defendant appeals from a judgment of the Supreme Court, Nassau County, entered January 9, 1974, after a nonjury trial, which (1) is in favor of plaintiff in the amount of $1,800, plus interest, (2) directed plaintiff, upon payment of the

aforesaid amount, to return and install the doors he had removed from defendant's home and (3) failed to determine the counterclaim. Judgment modified, on the facts, by (1) adding to the first decretal paragraph thereof a provision awarding defendant judgment on his counterclaim in the amount of $1,120, and thereby reducing the net amount awarded plaintiff to $680, plus interest, and (2) deleting therefrom the second decretal paragraph (which directed plaintiff to return the doors). As so modified, judgment affirmed, with costs to defendant. The parties entered into an oral agreement in 1971 for certain work to be performed in defendant's home before he took possession thereof. During the course of that work, certain cabinet and room doors were removed by plaintiff, assertedly without defendant's permission, because the work thereon could be performed more efficiently in plaintiff's shop. Plaintiff presented defendant with a bill for $10,000 which, according to an expert's uncontroverted testimony, was four times the value of the work performed. Plaintiff admitted that he was holding defendant's doors until payment of that bill was made. At the trial in 1973, and also at an examination before trial in 1972, defendant testified that, by reason of plaintiff's unreasonable demand for excessive payment and his arbitrary withholding of the doors, he had been compelled to purchase replacement doors in order to move into the house, at a cost to him of $1,120. Although this figure was not supported by an invoice, it was not controverted at the trial. Under these circumstances, we believe that the withholding of the doors to coerce defendant into payment of an unconscionably excessive bill ought not to be countenanced. Accordingly, equity requires that a deduction be made from the reasonable value of plaintiff's services for the cost of the replacement doors. Plaintiff may salvage whatever value he can from the doors which he arbitrarily withheld. Latham, Acting P. J., Margett, Christ, Shapiro and Titone, JJ., concur.